(No. 26089.—■)

THE PEOPLE *ex rel.* Jackie Ewald, Petitioner, *vs.* JOE E. MONTGOMERY, Warden, Respondent.

*Opinion filed June 17, 1941—Rehearing denied September 15, 1941.*

MANUAL M. WISEMAN, and E. F. KENEHAN, for petitioner.

GEORGE F. BARRETT, Attorney General, and WILLIAM S. WILSON, for respondent.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Petitioner, Jackie Ewald, brings his original petition for *habeas corpus* against the respondent Joe E. Montgomery, warden of the Illinois State Penitentiary at Menard, claiming he was illegally confined therein. The return of the respondent alleges that the petitioner is being held by virtue of a valid judgment and sentence of the court, and that the term of imprisonment of the petitioner has not yet expired.

Petitioner alleges that he was indicted for the crime of attempted indecent liberties in Cook county, Illinois; that on October 10, 1933, he was tried before a judge without a jury and found guilty by the court and sentenced "to the penitentiary from one to five years;" that on October 19, 1933, he was delivered to the warden of the penitentiary on process issued under said judgment; that on October 31, 1933, petitioner was brought back to the court in which he was sentenced and the judgment was vacated and a new judgment entered sentencing him to confinement for a term of from one to twenty years. Based upon this statement petitioner claims that he is entitled to be discharged because he is now in the penitentiary under a *mittimus* issued by authority of the second judgment, which is claimed to be absolutely void because the circuit court had no jurisdiction to change the judgment in said cause after petitioner had commenced his sentence in the penitentiary. (*People* v. *McKinley,* 371 Ill. 190; *People* v. *Sprague,* id. 627; *People* v. *Leinecke,* 290 Ill. 560.) Under this condition of the record it is asserted that the original judgment stands in force, which provided for a sentence of from one to five years, and, therefore, having been delivered to the penitentiary on October 19, 1933, he has served his sentence and is entitled to be released.

If the facts were as alleged by petitioner there would be presented the question of the effect upon the original judgment of adding to the sentence the words "from one to five years," when the statute provided the sentence for such offense should be an indeterminate one for a term of years not to exceed the maximum term fixed by statute for the crime. (Ill. Rev. Stat. 1939, chap. 38, par. 109.) The facts as alleged in the petition, however, are not borne out by the record certified to this court. It is true that the minute orders made at the time the petitioner was before the court are as set forth in the petition, but the judgment rendered in said cause does not conform to such

minutes. The judgment entered October 10, 1933, is as follows: "Therefore, it is considered, ordered and adjudged by the Court that the said Defendant Jackie Ewald is guilty of the said crime of attempted indecent liberties in manner and form as charged in the indictment in this cause. * * * Therefore, it is ordered and adjudged by the Court that the Defendant Jackie Ewald be and he is hereby sentenced to the Penitentiary of this State at Joliet for the crime of attempted indecent liberties in manner and form as charged in the indictment whereof he stands convicted, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," etc. This is the judgment required by the statute. (Ill. Rev. Stat. 1939, chap. 38, par. 802.) The same form of judgment was entered by the court on October 31, 1933, without referring to the term of imprisonment mentioned in the judge's minutes.

It is apparent that the court was correcting the minutes on his docket, but the judgment in both cases was the judgment required by law. It has been repeatedly held that the term of the sentence fixed by law on conviction is written into the judgment of the court. (*People* v. *Wood,* 318 Ill. 388; *People* v. *Mikula,* 357 id. 481; *People* v. *Hill,* 345 id. 103.) Petitioner's counsel allege, however, that since the second judgment is void the original judgment remains in force and effect only to the extent of the sentence, viz., one to five years, and therefore petitioner is now entitled to be discharged because of the expiration of the term for which he was sentenced.

In determining the sufficiency of a judgment the entire record will be searched and interpreted, and a deficiency in one place cured by what appears in another. (*People* v. *Hill, supra.*) Examination of the entire record here discloses that a valid judgment and sentence was entered by the court on October 10, 1933. The court was without jurisdiction to enter the second judgment of October 31,

1933, and it was a mere nullity having no effect upon the judgment of October 10. The words "one to five years" in the judge's minutes of October 10, being contrary to statute, may be disregarded, as surplusage, and, in effect, expunged by the court by its entry of the proper judgment on the same date. Therefore the original judgment of October 10 in the form required by law, is in full force and effect.

It appears from the petition that the respondent has in his hands a *mittimus* issued on each of the above described judgments to hold the body of the petitioner. The judgment of October 10, 1933, being valid, it and the *mittimus* issued thereunder are warrant for restraining the petitioner, and the term of imprisonment of the petitioner having not yet equalled the period for which he may be lawfully detained under the judgment, it follows his petition to be discharged is without merit.

The petition is denied and the prisoner is remanded to the custody of the warden.

*Prisoner remanded.*