(No. 34201.—

RICHARD L. BERDELLE *et al.,* Appellees, *vs.* CHARLES F. CARPENTIER, Secretary of State, Appellant.

*Opinion filed May 23, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THEODORE P. FIELDS, of counsel,) for appellant.

RICHARD G. RAYSO, of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The plaintiffs applied for a corporate charter under the names of "Steel Company of Ohio," "Steelco Manufacturing Company," or "Steel Manufacturing Company." The defendant, as Secretary of State of the State of Illinois, refused to issue the charter on the ground that the names are "deceptively similar" to the names "Ohio Steel Products Co.," "Steel-Cor Manufacturing Company," "Steel Doors Manufacturing Company" and "Steel-Parts Manufacturing Company," previously registered corporations.

Upon refusal of the defendant to issue the charter, the plaintiffs filed petition in the circuit court of Cook County,

in accordance with section 148 of the Business Corporation Act, (Ill. Rev. Stat. 1955, chap. 32, par. 157.148,) for an order directing the defendant to issue a charter pursuant to the application to "Steel Company of Ohio," or in the alternative to "Steelco Manufacturing Company," or "Steel Manufacturing Company," and the defendant filed answer thereto.

Section 9 of the Business Corporation Act (Ill. Rev. Stat. 1955, chap. 32, par. 157.9,) provides that the corporate name "Shall not be the same as, or deceptively similar to, the name of any domestic corporation * * * or any foreign corporation authorized to transact business in this State * * *." Section 48 of the Business Corporation Act, (Ill. Rev. Stat. 1955, chap. 32, par. 157.48,) provides that the Secretary of State shall issue a certificate of incorporation if he finds "that the articles of incorporation conform to law * * *." Section 148, under which this appeal was taken, provides that "If the Secretary of State shall fail to approve any articles of incorporation, amendment, merger, consolidation, or dissolution, or any other document required by this Act to be approved by the Secretary of State before the same shall be filed in his office, he shall, within ten days after delivery thereof to him, give written notice of his disapproval to the person or corporation * * * specifying the reasons therefor. From such disapproval such person or corporation may appeal to the Circuit or Superior Court of the County in which the registered office of such corporation is, or is proposed to be, situated by filing with the clerk of such court a petition setting forth a copy of the articles or other document sought to be filed and a copy of the written disapproval thereof by the Secretary of State; whereupon the matter shall be tried de novo by the court, and the court shall either sustain the action of the Secretary of State or direct him to take such action as the court may deem proper."

The trial court ordered the defendant to issue to plaintiffs a corporate charter under the name of "Steel Company of Ohio"; the Appellate Court affirmed the order of the trial court, (11 Ill. App.2d 174,) and we granted leave to appeal.

The Appellate Court held that the defendant had failed to preserve the evidence for review and relied upon the rule that where evidence is not preserved it will be presumed that the evidence was sufficient to justify the judgment of the trial court. Plaintiffs contend that evidence was heard and documents examined at the trial while the defendant insists that there was no evidence. The record consists of the pleadings, exhibits attached thereto and the court's orders. No transcript of evidence is included.

The defendant attached as an appendix to his petition for rehearing what purports to be a complete transcript of the entire proceedings before the trial court, supported by affidavit, from which it appears that it consisted of colloquy between counsel and the court. This, of course, cannot be considered since it is contrary to the rules. Neither can we accept the statements of counsel in the briefs.

The order of the trial court reads in part: "This cause coming on to be heard on the Amended Petition of Richard L. Berdelle et al. * * * the said cause having been submitted to the court; the court having examined the pleadings and the exhibits submitted therewith and having heard the arguments of counsel with respect to the facts and the law." Such order negates the claim that evidence was heard and documents examined at the trial, unless the phrase "exhibits submitted therewith" refers to documents introduced in evidence. We think it obvious that the exhibits referred to were exhibits A to F inclusive, attached to the petition, and exhibits A to C, inclusive, attached to the answer.

The defendant contends that it appears from the face of the pleadings that the requested name, "Steel Company

of Ohio" is "deceptively similar" to "Ohio Steel Products Company," and that such a determination by the Secretary of State is not an abuse of discretion. Plaintiffs argue that such similarity does not exist and that the determination of similarity does constitute abuse.

We think it clear that sections 9 and 152 of the Business Corporation Act vest the Secretary of State with discretion in determining if corporate names are "deceptively similar" for the protection of the public. As we said in *Investors Syndicate of America, Inc.* v. *Hughes,* 378 Ill. 413, at pages 422 and 423: "The use of the term 'deceptively similar' indicates that it was not the sole purpose of the act to protect the property rights of existing corporations, but also that the public be protected against any deception arising out of the use of similar names. Thus we must conclude that the statute in question allowed the Secretary of State to exercise discretion to the end that the public would be protected."

In the exercise of such discretion, our courts have preferred to extend the benefit of doubt, if such doubt exists, in favor of the Secretary of State. (*Investors Syndicate of America, Inc.* v. *Hughes,* 378 Ill. 413; also cf. *Zehender & Factor, Inc.* v. *Murphy,* 386 Ill. 258.) However, an abuse of such discretion will not be permitted, and section 148 of the Business Corporation Act specifically authorizes a review by a hearing *de novo* in a circuit or superior court. Upon such a hearing the question presented is whether or not the determination, by the Secretary of State, of a deceptive similarity in names was a reasonable exercise of the discretion vested in him. *Investors Syndicate of America, Inc.* v. *Hughes,* 378 Ill. 413.

We are of the opinion that the action of the defendant was a reasonable exercise of the discretion vested in him. Therefore, the judgment of the Appellate Court affirming the order of the circuit court of Cook County is reversed.

*Judgment reversed.*