THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELLIS M. HENDERSON, Defendant-Appellant.

Fourth District   No. 4—85—0036

Opinion filed September 30, 1985.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was prosecuted for several traffic offenses and received concurrent sentences of 330 days' incarceration. Defendant appeals from the judgment of the circuit court of Champaign County in conjunction with only one of these cases, case No. 82—T—13297. He argues that an *administrative mistake* resulted in judgment being entered in this case, even though he had neither been tried nor pleaded guilty therein. After careful examination of the record on appeal, we disagree and, accordingly, we affirm.

Case No. 82—T—8641 involved traffic citations issued on June 4, 1982, for the violations of driving while driver's license is suspended and improper display of registration plates (see Ill. Rev. Stat. 1983, ch. 95½, pars. 6—303, 3—413). Defendant waived his right to jury trial and a bench trial was scheduled for Friday, January 21, 1983, at *11 a.m.* The transcribed report of proceedings of that hearing, filed as a supplement to the record on appeal, shows that the trial court entered judgment as to each offense in favor of the State and against the defendant, a presentence report was ordered and sentencing allotted for March 5, 1983.

Case No. 82—T—13297 involved citations of August 13, 1982, of the violations of driving while driver's license is revoked, expired registration, and disobeying a traffic control device (see Ill. Rev. Stat. 1983, ch. 95½, pars. 6—303, 3—414, 11—305(a)). The defendant waived a jury trial, and a bench trial was scheduled for Friday, Jan-

uary 21, 1983, at *11:30 a.m.* A minute order in the common law record for January 21, 1983, states as follows:

"Now on this day [prosecutor] appears for the People. Defendant appears personally with his attorney \*\*\*.

Evidence heard. Arguments heard.

Finding by the Court in favor of the People and against the defendant on each count. Judgment entered in favor of the People and against the defendant upon the charge of Driving While License Revoked as set forth in Count I, upon the charges of Expired Registration as set forth in Count II and upon the charge of Disobey Traffic Control Device as set forth in Count III.

The Defendant is ordered to report to the Champaign County Probation Office and that office is directed to prepare a written presentence report and conduct a presentence investigation."

The presentence report which appears in the common law record was prepared in connection with case No. 82—T—13297, and specified the court's action on these three citations on January 21, 1983. The report described the defendant's status since his arrest as follows:

"On May 6, 1983, the defendant failed to appear at the sentencing for this offense, a warrant was issued and bond was set in the amount of $10,000. Pursuant to the command of the warrant, Mr. Henderson appeared personally on November 14, 1984, the cause was reallotted for sentencing, bond was set in the amount of $10,000 and the defendant was remanded to the custody of the sheriff."

On December 13, 1984, the defendant's guilty plea in case No. 83—T—11826 (involving citations of July 7, 1983, for violations of driving while driver's license is suspended or revoked and fleeing or attempting to elude a police officer (Ill. Rev. Stat. 1983, ch. 95½, pars. 6—303, 11—204)) was taken, and the defendant was sentenced on that case and the above-referenced cases Nos. 82—T—8641 and 82—T—13297.

A transcribed report of the December 13, 1984, proceedings shows that the trial court admonished defendants pleading guilty to traffic offenses as a group, and questioned defendant separately from two others, before accepting his guilty plea in case No. 83—T—11826. The plea agreement was described to the court by the prosecutor as follows:

"Your Honor, that he serve a period of 330 days in the Champaign County Correctional Center with credit for ten days here-

tofore served, pay the Court costs, in that case. The other count is to be dismissed. That he be sentenced, instanter in 82—T—13297, serve a period of incarceration of 330 days with ten days credit to be served [concurrently]; and that a sentencing hearing be held instanter in 82—T—8641, serve a period of 330 days with ten days credit, pay the Court costs, to be served [concurrently] with these other cases, that 84—T—17921 be dismissed and 83—T—17724 be dismissed and 84—T—709 be dismissed; that 84—T—1663 be dismissed also."

In sentencing the defendant, the court then stated:

"In 83—T—11826, Mr. Henderson's offer to plead guilty is accepted. Judgment is entered in favor of the People and against the Defendant, upon the charge of driving while license suspended as set forth in Count I *** of the information. By agreement of the parties, sentencing hearing held instanter. Mr. Henderson is ordered to serve a period of incarceration in the Champaign County Correctional Center for 330 days from today's date. He is to receive credit against that sentence—pursuant to the terms and conditions of the written order of imprisonment entered this date. He is to receive credit against that sentence for ten days heretofore served. He is further ordered to pay the costs of this proceeding.

In 82—T—8641, judgment is entered *on the plea* in favor of the People and against the Defendant, Mr. Henderson, upon the charge of driving while license suspended. By agreement of the parties, the sentencing hearing is held instanter. Mr. Henderson is hereby ordered to serve a period of incarceration in the Champaign County Correctional Center for 330 days from today's date subject to the terms and conditions of the written order of imprisonment entered this date. He is to receive credit against that sentence for ten days heretofore served. This sentence—he is further ordered to pay the costs of this proceeding as to Count I. This sentence is ordered to run concurrent with the sentence heretofore imposed in 83—T—11826. ***

*** In 82—T—13297, by agreement of the parties, sentencing hearing held instanter. Mr. Henderson is hereby ordered to serve a period of incarceration in the Champaign County Correctional Center of 330 days from today's date subject to the terms and conditions of a written order of imprisonment entered in this cause. The Defendant is ordered to pay the costs of the proceeding. He is to receive credit against that sentence

for ten days heretofore served. This sentence is to run concurrent with that imposed in 83—T—11826 and 82—T—8641." (Emphasis added.)

The court went on to dismiss cases Nos. 84—T—11634, 84—T—709, 83—T—17724, and 84—T—17921. The common law record also contains a judgment order of December 13, 1984, on defendant's guilty plea in case No. 83—T—11826.

Also on December 13, 1984, the court entered separate written orders of imprisonment in cases Nos. 82—T—8641, 82—T—13297, and 83—T—11826.

Defendant filed a motion to supplement the record on appeal with the report of proceedings of the bench trial held on January 21, 1983, in case No. 82—T—8641, which was allowed. In argument, he states that it appears that this was his only bench trial on that date, citing a letter to his appellate counsel, as appendix A in his brief; this letter is not properly part of the record on appeal, and we therefore do not consider it (87 Ill. 2d Rules 323, 329, 342). Defendant now argues on appeal, based on the lack of a report of proceedings of the bench trial in case No. 82—T—13297, that the court's minute order is erroneous and an administrative mistake, and that he was never prosecuted in the case and his conviction must be reversed.

■■ ■ We disagree. A verbatim transcript and report of proceedings is not required to sustain a conviction. (See, *e.g., People v. McCalla* (1976), 44 Ill. App. 3d 42, 357 N.E.2d 857.) It is well known that it is the burden of the appellant to present a record sufficiently complete to permit review of the error complained of, and incompleteness arising from presentation of the record will be resolved against the appellant. (*Griffiths v. Griffiths* (1984), 127 Ill. App. 3d 126, 130, 468 N.E.2d 482, 485.) In the absence of a report of proceedings, it will be presumed that the court heard sufficient evidence and argument to support its decision. (*Hoefker v. Gallagher* (1975), 33 Ill. App. 3d 239, 240, 337 N.E.2d 336, 337.) Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)) provides the procedure when no verbatim transcript of the evidence is available (see *City of Pekin v. Mann* (1976), 44 Ill. App. 3d 1, 357 N.E.2d 728); we have nothing in the record before us which casts any doubt upon the court's minute order stating that a bench trial was conducted and the evidence was found against the defendant in case No. 82—T—13297. As, upon appeal, all reasonable presumptions are in favor of the action of the trial court, and the burden is on the appellant to overcome such presumptions by affirmatively showing the errors charged (*Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 296, 210 N.E.2d 614, 618),

errors such as that alleged here are not easily shown. Moreover, in determining the sufficiency of a judgment, the entire record will be searched and interpreted, and a deficiency in one place may be cured by what appears in another. *People v. Montgomery* (1941), 377 Ill. 241, 243, 36 N.E.2d 343, 344.

■ Section 16 of "An Act to revise the law in relation to clerks of courts" provides for the record to be kept by the circuit clerks "[u]nless otherwise provided by rule or administrative order of the Supreme Court ***." (Ill. Rev. Stat. 1983, ch. 25, par. 16.) Such an administrative order has been entered. (Ill. Ann. Stat., ch. 25, par. 16, at 23-33 (Smith-Hurd Supp. 1985).) Part I(D)(2) provides for the content of the "Basic Record." Part I(D)(4) provides for the content of the "Basic Record" in criminal cases. This section provides that the "Basic Record" of each criminal case shall be the same as provided for civil cases with certain exceptions not applicable here. Part I(D)(2) states that the "Basic Record" consists of:

"a. Everything filed—including pleadings, documents, orders and other papers;

b. The record sheet—which shall contain:

* * *

(6) The date an event occurs, a paper is filed, or an order is signed or pronounced—The action of the judge shall be reflected in a signed order *or a minute order. A minute order is an orally pronounced order shown on the record sheet in brief form sufficient to record the action of the judge.* When a signed order is filed, that fact shall be noted on the record sheet, briefly indicating its nature. An order otherwise appealable shall not be considered nonappealable because it is in minute form." (Emphasis added.) (Ill. Ann. Stat., ch. 25, par. 16, at 28 (Smith-Hurd Supp. 1985).)

We conclude that the minute order as to case No. 82—T—13297 suffices to show that the defendant was afforded a bench trial and found guilty of the violations with which he was charged. See also *In re Mark McGovern* (1978), 62 Ill. App. 3d 1049, 379 N.E.2d 937, and *People v. Kelly* (1976), 39 Ill. App. 3d 190, 350 N.E.2d 163 (where conflict between the report of proceedings and the common law record, the matter must be considered on the basis of the record as a whole).

■ Defendant argues that a further indication that the minute order is in error is shown by the fact that the trial court at the December 13, 1984, guilty plea hearing in case No. 83—T—11826, announced in sentencing on case No. 82—T—8641 that judgment was entered "on

the plea"; whereas the transcript supplementing the record on appeal shows defendant was convicted in that case after a bench trial. Reading the record as a whole, we believe that in making this reference to a "plea," the trial judge merely misspoke. The prosecutor's remarks make it clear that sentencing was to be had, likewise, on that date, December 13, 1984, in cases Nos. 82—T—8641 and 82—T—13297. Moreover, although the defendant and his counsel were present at the sentencing hearing, no objection was made to the presentence report which was completed as to case No. 82—T—13297 and no objection was made to the judge's reference to a "plea" in case No. 82—T—8641. The defendant cannot now be heard to complain.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.