RICHARD KEEFE, Plaintiff-Appellee, v. FREEDOM GRAPHIC SYSTEMS, INC., *et al.*, Defendants-Appellants.

First District (Industrial Commission Division)   No. 1—03—1377WC

Opinion filed May 12, 2004.

Robert L. Sklodowski, of Franklin Park, for appellants.

Keefe & Associates, of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Richard Keefe, filed an application with the Illinois Industrial Commission (Commission), seeking benefits from employer, Freedom Graphic Systems, Inc., for injuries suffered June 4, 2001, pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)). On December 3, 2001, an arbitrator concluded that claimant had suffered compensable injuries on the date in question, arising out of and in the course of employment with employer. He awarded claimant $140,040.60 in outstanding medical bills and prospective medical care. On July 23, 2002, the Commission affirmed and adopted the arbitrator's decision.

On August 9, 2002, employer filed an action in the circuit court of Cook County, seeking administrative review of the Commission's decision. On November 6, 2002, the court dismissed the action. Employer appealed, No. 1—03—0194WC, and we affirmed. *Freedom Graphic Systems, Inc. v. Industrial Comm'n*, 345 Ill. App. 3d 716, 724, 802 N.E.2d 1262, 1267 (2003).

We first note that the record in *Freedom Graphic Systems, Inc.*, No. 1—03—0194WC, shows employer's brief did not contain a copy of the arbitrator's decision or the Commission's decision. On October 27, 2003, we issued an order requiring employer to file, on or before November 12, 2003, an amended appendix to its brief in accordance with Supreme Court Rule 342(a). 155 Ill. 2d R. 342(a). The order also stated that in the event employer failed to file an amended appendix by November 12, it would be required to file, on or before November 13, 2003, a statement of cause, if any, why its brief should not be stricken for failure to comply with supreme court rules. On November 10, 2003, employer filed an amended brief, which failed to remedy the

problems addressed by this court's October 27 order. Claimant later amended his brief to include a copy of the decisions of the arbitrator and the Commission.

On November 18, 2002, claimant applied for relief under section 19(g) of the Act and requested that the trial court enter judgment against employer and award costs and attorney fees to claimant. On April 10, 2003, the court entered a section 19(g) judgment on the pleadings for claimant and against defendant in the amount of $171,680.91. Employer appeals.

On appeal, employer's brief again fails to comply with the requirements of Supreme Court Rules 341 and 342(a) (188 Ill. 2d R. 341; 155 Ill. 2d R. 342(a)) in that it contains neither a copy of the arbitrator's decision nor a copy of the Commission's decision in the appendix. On February 11, 2004, we ordered employer to file, on or before February 23, 2004, a statement with the clerk of the court, showing cause, if any, why employer's brief should not be stricken for failure to comply with supreme court rules. Employer has entered no pleading showing any reason why it should not, would not, and could not comply with our order of February 11, 2004.

On March 22, 2004, claimant filed a motion to dismiss for employer's failure to comply with this court's rule to show cause. We took claimant's motion with the case.

At oral argument, employer suggested that it was not required to respond to the rule to show cause because the instant case involves a section 19(g) petition, which does not involve the arbitrator's decision or the Commission's decision. Employer failed to explain why its brief did not comply with Supreme Court Rules 341 and 342.

Employer attempts to require justification for our supreme court rules before they are given effect. However, supreme court rules have the force of law. They are not suggestions, nor are they aspirational. *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). Employer has also chosen not to take this court's orders seriously, as evidenced by its failure to respond to those orders.

Accordingly, we grant claimant's motion to dismiss employer's appeal for failure to comply with this court's February 11, 2004, rule-to-show-cause order.

Appeal dismissed.

GREIMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.