SECOND DIVISION

March 31, 2005

No. 1-02-0368 

TECHNOLOGY SOLUTIONS COMPANY, 

Plaintiff-Appellant and Cross-Appellee, 

v.

NORTHROP GRUMMAN CORPORATION, 

Defendant-Appellee and Cross-Appellant.   

)

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court of

Cook County.

Honorable

Lee Preston, 

Judge Presiding.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Plaintiff Technology Solutions Company appeals from entry of a final judgment and verdict partially in plaintiff's favor, following a jury trial, on plaintiff's breach of oral contract claims against defendant Northrop Grumman Corporation, in which the circuit trial court granted in part and denied in part plaintiff's request for prejudgment interest.  On appeal, plaintiff contends that the trial court erred in denying its request for mandatory prejudgment interest because the amount of its damages was certain.  Plaintiff also contends that the trial court erred in granting it discretionary interest only from June 21, 1997, rather than from June 21, 1993, the date it filed its lawsuit.  Defendant has filed a cross-appeal and contends that the trial court erred in denying its motion for judgment notwithstanding the verdict (JNOV) with respect to three of plaintiff's claims on the basis that plaintiff failed to present evidence of oral agreements, the claims were barred by the parol evidence rule, and one of the claims was barred by the statute of limitations.  Defendant also contends that it was entitled to JNOV on the damage verdict because plaintiff failed to present sufficient evidence of damages.  Defendant further contends that the trial court made numerous evidentiary errors during the trial, including: (1) barring evidence of another lawsuit filed against plaintiff to impeach plaintiff's witnesses; (2) barring evidence of a Securities and Exchange Commission (SEC) inquiry against plaintiff; (3) admitting evidence of defendant's course of dealing; (4) admitting two documents as business records because they were prepared in anticipation of litigation, not in the regular course of business; (5) admitting another document because it was legally incompetent; and (6) admitting evidence in violation of the parol evidence rule.  For the reasons set forth below in the nonpublished portion of this opinion, we affirm.

[Nonpublishable material under Supreme Court Rule 23 removed here].

ANALYSIS

Before addressing the merits of the parties' arguments, we are compelled to comment on both plaintiff and defendant's attorneys' violations of supreme court rules, particularly Supreme Court Rule 341.  (188 Ill. 2d R. 341).  As attorneys for large prestigious law firms, both should be well aware of the rules and strive to follow them to the letter.  However, this is not, and has not been, the case here.  This court is dismayed by counsels' conduct and, because of this, we are making this portion of our decision an opinion to not only guide other attorneys, but warn counsels that this court will not further tolerate such disrespect and disregard for court rules and decorum.

Defense counsel has filed two motions to strike plaintiff's briefs, or portions thereof, that we have taken with the case.  For the reasons discussed below, these motions are denied.  However, our denial in no way condones counsels' flagrant and extensive abuses here.  The magnitude of such violations would easily warrant this court striking all of the briefs and dismissing the appeals in their entirety.  
LaGrange Memorial Hospital v. St. Paul Insurance Co.
, 317 Ill. App. 3d 863, 876, 740 N.E.2d 21 (2000).  

Defendant filed a motion to strike plaintiff's statement of facts as violative of Supreme Court Rule 341(a) (188 Ill. 2d R. 341(a)).  Defendant maintains that plaintiff's statement of facts contains legal discussion and argument, it includes facts not relevant to plaintiff's appeal, which are also conclusory, argumentative, and false, and those facts included that are relevant to its appeal are "riddled with improper argument," are conclusory, are conjecture, and are unsupported by the record.  Defendant argues that the Illinois Appellate Court has repeatedly reaffirmed the importance of Rule 341 and, because plaintiff has blatantly violated this rule, we should strike plaintiff's statement of facts in its entirety.  

We agree with defendant that portions of plaintiff's statement of facts contain improper argument.  However, while defendant is seeking to use Rule 341 as a weapon against plaintiff, it, too, has blatantly violated that rule.  Its statement of facts is also "riddled with improper argument" as well as misstatements of fact.  Thus, both plaintiff and defendant's statement of facts violate Rule 341.  

Additionally, in defendant's brief, counsel makes substantive arguments in its footnotes (see discussion below) and plaintiff's counsel then responds to these.  Plaintiff's counsel, too, makes substantive arguments in its footnotes and defendant's counsel thereafter continues this conduct in defendant's reply brief.  Substantive arguments may not be made in footnotes and responses made thereto are likewise improper.  
Lundy v. Farmers Group, Inc.
, 322 Ill. App. 3d 214, 218, 750 N.E.2d 314 (2001).  In addition, defense counsel makes numerous misstatements of the facts and of the evidence in defendant's brief, as detailed by plaintiff in its reply.  We highlight only two.  First, defense counsel argues that plaintiff's witnesses, including Thomas, lied to the SEC.  Clearly, this is an erroneous statement since there is no evidence in the record that any of plaintiff's employees, particularly Thomas, were interviewed by the SEC.  In addition, defense counsel argues that plaintiff's counsel made certain arguments to the jury with respect to the SEC inquiry.  However, as plaintiff notes, these arguments were made to the trial court, outside the presence of the jury. 

We further note that both parties have used an excessive number of footnotes in violation of supreme court rules.  Rule 341(1) provides that "[f]ootnotes, if any, shall be used sparingly."  188 Ill. 2d R. 341(a).  Rule 344(b) also discourages the use of footnotes in briefs.  155 Ill. 2d R. 344(b).  Plaintiff's 42-page opening brief contains 18 single-spaced footnotes and its 124-page reply brief contains 73 single-spaced footnotes.  Defendant's 
93-page opening brief contains 53 single-spaced footnotes and its 27-page reply brief contains 21 footnotes.  This is a total of 165 footnotes, 91 attributable to plaintiff and 74 to defendant!  This cannot be characterized as a "sparingly" use of footnotes.  In addition, much of the information contained in these footnotes is "substantive material that should have been presented in the body of the briefs."  
Lundy
, 
322 Ill. App. 3d at 218.  In fact, a majority of the footnotes in defendant's reply brief contain substantive arguments.  Defendant has even raised contentions of trial court error in the footnotes and asks this court for relief.  See fns. 30, 31, and 32.  Clearly, this is improper.  Moreover, had defendant's 21 footnotes been incorporated into the body of its 27-page reply brief, that brief clearly would have exceeded the page limitation set forth in Rule 341(a).  188 Ill. 2d R. 341(a).  Accordingly, defendant's attorney's conduct in filing defendant's motion to strike plaintiff's brief in this regard is disingenuous.  Defendant's motion to file a reply brief in excess of the page limitation was denied by this court.  Thereafter, defendant filed its 27-page reply brief with 21 footnotes.  Clearly, counsel was seeking to avoid this court's ruling, as well as the page limitation of Rule 341(a) through the use of footnotes.  We note that defense counsel employed the same tactics before the trial court.  Specifically, despite a 15-page limitation, defense counsel filed a 95-page posttrial motion.  Thereafter, the trial court ordered counsel to shorten the motion to 30 pages, a generous relaxation of the page-limitation rule.  Although counsel shortened its motion to 30 pages, counsel attached previous briefs it had filed with respect to various issues and effectively increased the length of the motion to 250 pages.

Defendant has also filed a motion to dismiss plaintiff's reply brief, contending that its exceeds the page limitation set forth by Rule 341(a).  Defendant maintains that plaintiff's reply brief was limited to 77 pages.  Plaintiff, conversely, maintains that its reply brief was limited to 125 pages (75 pages for an appellee's (or cross-appellee's) response to the appellant's (or cross-appellant's) opening brief, plus 50 additional pages as cross-appellee).

Supreme Court Rule 341 provides the following page limitations:

1. Appellant's and appellee's opening briefs: 75.

2. Appellant's reply brief: 27.

3. Cross-appellant and cross-appellee are each given an additional 50 pages.

4. Cross-appellant's reply: 27.

Our independent research has disclosed no case addressing the page limitation for a cross-appellee's reply/response to a cross-appellant's brief.  Instructive, however, is Rule 343 that provides that an appellant's answer to a cross-appeal is to be contained in its reply brief.  Thus, reading the two rules together, plaintiff had 27 pages for its reply brief plus an additional 50 pages as cross-appellee to respond to the issues raised by defendant on cross-appeal for a total of 77 pages.  To allow 125 pages as plaintiff maintains would be to ignore the language of these two rules.  Although the issues here are detailed due to the volume of evidence presented, this does not give the parties authority to ignore the specific language of supreme court rules.  While we could order plaintiff's counsel to file a reply brief within the page limitation, we decline such remedy so as to not prolong this matter any further.

Clearly, neither party has followed the letter, nor the spirit, of the supreme court rules.  We do not condone such careless and deliberate disregard for the rules, as well as this court's rulings on motions.  We, however, decline to penalize the parties by striking their briefs for their counsels' wrongdoings.  We do, however, on our own motion, strike all of the parties' footnotes.  See, 
e.g.
, 
Lundy
, 322 Ill. App. 3d at 218; 
Wright v. County of Du Page
, 316 Ill. App. 3d 28, 36, 736 N.E.2d 650 (2000); 
Lagen v. Balcor Co.
, 274 Ill. App. 3d 11, 15, 653 N.E.2d 968 (1995) (all dismissing footnotes from parties' briefs on the courts' own motion).  We also will disregard any inappropriate or unsupported material.  
Geers v. Brichta
, 248 Ill. App. 3d 398, 400, 618 N.E.2d 531 (1993).  We admonish all counsels involved in preparing these briefs, from both law firms of Grippo & Elden and Wildman, Harrold, Allen & Dixon, to comply with supreme court rules in the future or face the possibility of dismissal of their clients' appeals.

In addition to the violations of supreme court rules hindering review of this matter, the state of the record itself has been a great impediment to review.  The record is not in chronological order, nor is the report of proceedings (
e.g.
, November 27, 2000, November 28, 2000, September 22, 2000, November 30, 2000).  Similarly, many of the orders are either illegible or unreadable (
i.e.
, #9 in volume 2 of 2 supplemental volumes), and numerous pleadings are incomplete.  Additionally, the manner in which the record was put together and bound hampered review.  While we acknowledge part of the blame for the state of the record lies with the clerk of the circuit court since it bound the record, we believe that the parties nonetheless have a duty to this court to ensure that the record is in a proper state for efficient review. Specifically, many of the volumes of the record have fallen apart because the clips are too short and do not contain a fastener.  In many other instances, the volume was bound too tight and therefore the first few lines of each page were inaccessible, necessitating the court to take the record apart.  Also, in this regard, page holes were punched through text, rendering it unreadable.  Lastly, the record contains double sided pages, again impeding review of this case.  Given the vastness of this record (110 volumes) and the complexity of the case, we expect a proper record to enable our review, which is not the case here.

[Nonpublishable material under Supreme Court Rule 23 removed here].

CONCLUSION

For the reasons stated in the unpublished portion of this opinion, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CAHILL and GARCIA, JJ., concur.