JOHN McCARTY *et al.*, Plaintiffs-Appellants, v. JIM WEATHERFORD *et al.*, Defendants-Appellees (Holiday Inns, Inc., *et al.*, Defendants).

Fourth District   No. 4—04—1045

Argued July 27, 2005.—Opinion filed November 4, 2005.—Rehearing denied November 30, 2005.

COOK, P.J., dissenting.

Warren E. Danz and Carissa A. Mahr (argued), both of Warren E. Danz, P.C., of Peoria, for appellants.

Paul Bown (argued), Emmet A. Fairfield, and James L. Nichelson, all of

Brown, Hay & Stephens, L.L.P., of Springfield, for appellees Jim Weatherford, Imperial Designs, Inc., and Imperial Sign Company.

James R. Branit (argued), of Bullaro & Carton, P.C., of Chicago, for other appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

In August 1999, plaintiffs, John McCarty and his wife, Victoria McCarty, filed a third-amended complaint against defendants, Jim Weatherford, Imperial Designs, Inc., Imperial Sign Company, Springfield Properties, Inc., Lynn Crites, Esther Lausen, Raynor Hotel Company, Holiday Inns, Inc., d/b/a Crowne Plaza Hotels & Resorts, and WAI Architects, Inc., seeking to recover for (1) injuries John suffered while installing a rooftop sign during the construction of the Crowne Plaza Hotel and Resort in Springfield and (2) Victoria's loss of consortium. In February 2004, the trial court granted summary judgment in favor of Raynor Hotel, Springfield Properties, Crites, and Lausen (collectively the Raynor defendants). In August 2004, the court granted summary judgment in favor of Weatherford, Imperial Designs, and Imperial Sign (collectively the Weatherford defendants).

The McCartys appeal, arguing that the trial court erred by granting summary judgment in favor of the Raynor and Weatherford defendants. Because the McCartys, through their attorneys, have failed to provide this court with a sufficiently complete record on appeal, we affirm the court's summary-judgment orders.

## I. BACKGROUND

In August 1999, the McCartys filed their third-amended, 18-count complaint against defendants, including the owner of the Crowne Plaza, the architect of the Crowne Plaza construction project, and others involved in the Crowne Plaza construction project and the installation of a canvas sign on top of the Crowne Plaza. The McCartys sought to recover for (1) severe leg injuries John suffered when he fell from a scaffold while installing the rooftop sign in July 1997, and (2) Victoria's loss of John's consortium.

In January 2000, the trial court dismissed with prejudice the counts against WAI Architects. In June 2001, the McCartys voluntarily dismissed Holiday Inns as a defendant. From July 2001 until May 2003, the parties conducted discovery, the trial judge recused himself due to a conflict of interest, another judge was assigned to the case, and the McCartys filed a motion to substitute that judge. (The record does not show that the motion to substitute judge was ever ruled upon.)

In May 2003, the Raynor defendants filed a motion for summary judgment. In February 2004, the trial court entered a written order granting summary judgment in their favor, upon determining that the Raynor defendants exercised no control over the work or the incidental aspects of the work John performed at the Crowne Plaza.

In March 2004, the Weatherford defendants filed a motion for summary judgment, arguing that Weatherford and Imperial Designs were entitled to immunity under the Workers' Compensation Act (820 ILCS 305/1(a)(4) (West 2002)) because Imperial Designs had loaned Weatherford, who was an Imperial Design employee, as an employee to Siciliano Construction, the general contractor for the Crowne Plaza construction project. In August 2004, the trial court granted summary judgment in the Weatherford defendants' favor.

This appeal followed.

## II. ANALYSIS

### A. Summary Judgments and the Standard of Review

Summary judgment is proper "where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333, 662 N.E.2d 397, 402 (1996); see 735 ILCS 5/2—1005(c) (West 2004). Although summary judgment is a "drastic measure," it is appropriate for expeditiously disposing of a lawsuit " 'when the right of the moving party is clear and free from doubt.' " *Morris v. Margulis*, 197 Ill. 2d 28, 35, 754 N.E.2d 314, 318 (2001), quoting *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). We review *de novo* the trial court's grant of summary judgment. *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill. 2d 466, 470-71, 758 N.E.2d 848, 851 (2001).

### B. The Evidentiary Material Before the Trial Court and Before This Court

■ On appeal from a trial court's grant of summary judgment, a reviewing court must first ask two questions: (1) What evidentiary material did the trial court have before it when it granted summary judgment? and (2) Does the reviewing court have all of that evidentiary material before it on appeal? To assist the reviewing court, the better practice for the trial court would be to specifically indicate all of the evidentiary material the court considered in granting summary judgment. That way, the reviewing court is not left to surmise what

evidentiary material was before the trial court both in support of, and in opposition to, the motion for summary judgment. A trial court's specifying all the evidentiary material it considered in granting summary judgment is consistent with the rule that evidentiary material never considered by the trial court in a summary-judgment proceeding will not be considered on review. *Paul H. Schwendener, Inc. v. Jupiter Electric Co.*, 358 Ill. App. 3d 65, 77, 829 N.E.2d 818, 830 (2005). Unfortunately, the trial court here did not specifically set forth the evidentiary material it considered when it granted summary judgment for each group of defendants. Instead, in granting summary judgment in the Raynor defendants' favor, the court simply stated that it had heard the parties' arguments and "considered the [m]otions and [m]emorandums filed on behalf of the parties." In granting summary judgment in favor of the Weatherford defendants, the court stated that it had done so "[b]ased upon the facts in the record."

We have reviewed the parties' briefs, the record, and the supplement to the record that we allowed the Weatherford defendants to file. Based thereon, we have determined (as best we can) what evidentiary material was before the trial court when it granted defendants' summary-judgment motions, as well as what evidentiary material is now properly before this court.

■ We note that when the McCartys filed their brief with this court, they also included what they referred to as an "appendix." The "appendix" consisted of a box of over a thousand papers, many of which were not included in the record on appeal. Although the documents were numbered and bound in two volumes, they did not have a cover sheet or an index identifying the documents or their purpose. The McCartys simply "deposited" the documents with the clerk of our court and left it up to the clerk's office to make sense of them. It is well settled that the record on appeal cannot be supplemented by attaching documents to a brief or including them in an appendix. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826, 748 N.E.2d 291, 294 (2001); see *Denny v. Haas*, 197 Ill. App. 3d 427, 430, 554 N.E.2d 727, 729 (1990) ("attachments to briefs which are not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record"); see, for example, *Geary v. Telular Corp.*, 341 Ill. App. 3d 694, 697 n.1, 793 N.E.2d 128, 130 n.1 (2003) (in which the appellate court refused to consider a memo that was contained only in the appendix to the plaintiff's brief and was not a part of the record on appeal); *Clay v. County of Cook*, 325 Ill. App. 3d 893, 896 n.2, 759 N.E.2d 6, 9 n.2 (2001) (in which the appellate court refused to consider affidavits that were only included in the appendix to the party's brief

and were not in the record on appeal); *Smith v. First National Bank of Danville*, 254 Ill. App. 3d 251, 258, 624 N.E.2d 899, 905 (1993) (in which this court granted the appellee's motion to strike portions of the appellant's reply brief that attached and discussed a settlement agreement that was not part of the record on appeal); *People v. Henderson*, 136 Ill. App. 3d 1041, 1045, 483 N.E.2d 1068, 1070 (1985) (in which this court refused to consider a document the defendant attached to the appendix of his brief, upon determining that the document was not in the record); see also *Berdelle v. Carpentier*, 11 Ill. 2d 295, 298, 143 N.E.2d 53, 55 (1957) (in which the supreme court refused to consider a transcript attached to a party's petition for rehearing because it was not part of the record on appeal). Because parties cannot use briefs and appendices to supplement the record, we ignore the documents contained in the McCartys' appendix.

The dissent suggests that pursuant to Supreme Court Rule 329 (134 Ill. 2d R. 329), this court should "enter an order allowing the two bound volumes to supplement the record." 362 Ill. App. 3d at 319. The dissent correctly points out that Rule 329 allows material omissions in the record to be corrected by stipulation of the parties or "by the reviewing court or a judge thereof" (134 Ill. 2d R. 329). 362 Ill. App. 3d at 319. However, the parties here did not stipulate that the record should be corrected, and under the circumstances of this case, we decline to utilize Rule 329 to supplement the record.

The McCartys' attorneys did not avail themselves of the procedure set forth in Rule 329 by requesting that this court supplement the record on appeal with the Crites and Weatherford depositions or the documentary exhibits missing from the record. Contrary to the dissent, we are not just now "springing" on the McCartys the fact that we would not consider the documents in their "appendix." The McCartys were sufficiently put on notice by the Weatherford defendants' motion to supplement the record with documents not in the record on appeal and the Raynor defendants' brief. In particular, the Raynor defendants' brief (1) indicated that the record was incomplete because it did not contain (a) the depositions of John, Crites, Weatherford, and Rick Lawrence, the owner of Siciliano Construction, and (b) several of the documentary exhibits attached to the Raynor defendants' summary-judgment motion, and (2) argued that the McCartys had failed to provide an adequate record on appeal. Despite that notice, the McCartys' attorneys never made *any* effort to correct the material omissions in the record. We recognize that the clerk of the circuit court failed to file many of the documents that were before the trial court. However, the clerk's failure does not excuse the McCartys, who,

as appellants, clearly had the burden to present this court with a sufficiently complete record on appeal. *Webster v. Hartman*, 195 Ill. 2d 426, 432, 749 N.E.2d 958, 962 (2001); see generally *Technology Solutions Co. v. Northrop Grumman Corp.*, 356 Ill. App. 3d 380, 385, 826 N.E.2d 1220, 1224 (2005) (regardless of the circuit clerk's failure to perform required tasks, the appellant has a duty to ensure that the record is in the proper shape for efficient review).

In addition, our research has not revealed any Illinois decision in which a reviewing court *sua sponte* has corrected or amended the record under Supreme Court Rule 329. Given the circumstances of this case, we decline to be the first. Indeed, in the last 21 years, the Supreme Court of Illinois has twice addressed the issue of an appellant's failure to provide a sufficient record on appeal and how such failure constitutes a basis—without more—to affirm the trial court's ruling being appealed. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 459 N.E.2d 958 (1984); *Webster*, 195 Ill. 2d 426, 749 N.E.2d 958. In either of those cases, the supreme court could have—but did not—order, pursuant to Rule 329, that the parties provide it with the materials from the trial court proceedings that were absent from the record on appeal and necessary for resolution of the case on the merits. In fact, neither decision contains any hint that the supreme court ever considered taking such action. Accordingly, we decline to *sua sponte* supplement the record with the documents in the McCartys' purported appendix.

We recognize that our refusal to consider the documents in the McCartys' "appendix" or *sua sponte* supplement the record with those documents might seem to be a technical application of supreme court rules. See generally *Gold Realty Group Corp. v. Kismet Café, Inc.*, 358 Ill. App. 3d 675, 680, 832 N.E.2d 403, 407 (2005) (in which Justice Warren D. Wolfson, on behalf of a unanimous First District panel, explained the court's decision to reverse summary judgment for the plaintiff on a ground that might "at first blush" seem "hypertechnical"). However, the decision to take an appeal is a serious one, and this court has the right to expect that parties (like the McCartys) who choose to do so will pursue their appeal with diligence and in accordance with supreme court rules. To assure that appeals proceed in an efficient and fair manner, our supreme court has set forth rules of appellate procedure, and it is incumbent upon parties to follow them. See *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593, 810 N.E.2d 189, 191 (2004) ("[S]upreme court rules have the force of law. They are not suggestions, nor are they aspirational"). This does not impose an undue burden on appellants such as the McCartys.

Indeed, over 500 civil appeals are filed in this court each year, and almost all appellants are able to ascertain—and comply with—the procedures set forth in supreme court rules for providing an adequate record on appeal, in accordance with supreme court rules.

### 1. *Evidentiary Material Pertinent to the Raynor Defendants' Summary-Judgment Motion*

According to the Raynor defendants' brief, when they filed their May 2003 summary-judgment motion, they attached thereto (1) the complete transcripts of the depositions of John, Crites, Weatherford, and Rick Lawrence, the owner of Siciliano Construction, and (2) seven documentary exhibits (which are not further identified by the parties or the record). In the McCartys' response to the Raynor defendants' motion, they relied on the deposition transcripts of Crites and Weatherford, but they did not attach any depositions or documents of their own. The record before us contains only a portion of the transcript of Lawrence's deposition and, according to the Raynor defendants, one of the unidentified documentary exhibits. Even though the Weatherford defendants had absolutely no duty to supplement the record to cure its deficiencies (see *People ex rel. Oller v. New York Central R.R. Co.*, 388 Ill. 382, 385, 58 N.E.2d 51, 54 (1944) ("it is not the duty of the successful party to supply deficiencies in the record")), they did so, and their supplement to the record contains the full transcripts of the depositions of Lawrence and John. However, neither the record before us nor the supplement contains the transcripts of the depositions of Crites and Weatherford. Because the record does not identify the seven documentary exhibits, we have no way of knowing whether the supplement to the record contains any of those documents.

### 2. *Evidentiary Material Pertinent to the Weatherford Defendants' Summary-Judgment Motion*

The record contains the Weatherford defendants' summary-judgment motion and memorandum of law in support thereof. Those documents indicate that the Weatherford defendants attached to their motion the following: (1) the full transcripts of the depositions of Lawrence, John, and Mark Hart, a Siciliano Construction employee; and (2) four documentary exhibits—namely, (a) the McCartys' third-amended complaint, (b) the contract between Raynor Hotel and Siciliano Construction, (c) the change-of-work order requested by Raynor Hotel, and (d) the agreement between Imperial Designs and Siciliano Construction. The McCartys' response to the Weatherford defendants' summary-judgment motion relies on the agreement between Imperial

Designs and Siciliano Construction and the transcripts of the depositions of John and Lawrence. Their response also indicates that they attached thereto the transcript of Weatherford's deposition. The record before us contains (1) the McCartys' third-amended complaint, (2) the contract between Raynor Hotel and Siciliano Construction, (3) the change-of-work order, and (4) a portion of the transcript of Lawrence's deposition. The supplement to the record contains (1) the agreement between Imperial Designs and Siciliano Construction and (2) the full transcripts of the depositions of Lawrence, John, and Hart. Neither the record nor the supplement contains the transcript of Weatherford's deposition.

### C. The McCartys' Failure To Present a Sufficiently Complete Record on Appeal

The McCartys argue that the trial court erred by granting summary judgment in favor of the Raynor and Weatherford defendants. However, the McCartys, through their attorneys, have failed to present a complete record that sufficiently enables this court to determine whether the trial court erred by granting summary judgment.

As this court wrote in *Webster v. Hartman*, 309 Ill. App. 3d 459, 460, 722 N.E.2d 266, 268 (1999):

"To determine whether a claimed error occurred, a court of review must have before it a record of the proceedings below. [Citation.] The appellant bears the burden to present a sufficiently complete record, and this court will resolve any doubts that arise from an incomplete record against the appellant. [Citation.] Absent a sufficient record on appeal, 'it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.' [Citation.]"

In *Webster*, 195 Ill. 2d at 432, 749 N.E.2d at 962, the supreme court affirmed our decision and wrote, in pertinent part, as follows:

"This court has long held that in order to support a claim of error on appeal[,] the appellant has the burden to present a sufficiently complete record. [*Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959]. In fact, '[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.' *Foutch*, 99 Ill. 2d at 391[, 459 N.E.2d at 959]."

See also *Schwendener*, 358 Ill. App. 3d at 77, 829 N.E.2d at 830 (appellant has the burden of providing the reviewing court with a complete record); *Coleman v. Windy City Balloon Port, Ltd.*, 160 Ill. App. 3d 408, 419, 513 N.E.2d 506, 514 (1987) ("When portions of the record are lacking, it will be presumed that the trial court acted properly in

entry of the challenged order and that the order is supported by the part of the record not before the reviewing court"); *In re Estate of Jacobs*, 189 Ill. App. 3d 625, 629, 545 N.E.2d 502, 504 (1989) (affirmance of the trial court's judgment is dictated when crucial facts are omitted from the record).

As earlier stated, in terms of the Raynor defendants' summary-judgment motion, the record and the supplement thereto contain only (1) the transcripts of the depositions of Lawrence and John and (2) one of the unidentified documentary exhibits. Importantly, neither the record nor the supplement contains the transcripts of the depositions of Weatherford and Crites. In addition, given the state of the record, we have no way of knowing whether the supplement contains any of the remaining six documentary exhibits. Under the circumstances, we must assume that the missing portions of the record support the trial court's determination that (1) no genuine issue of material fact existed and (2) the Raynor defendants were entitled to judgment as a matter of law. See *Coleman*, 160 Ill. App. 3d at 419-20, 513 N.E.2d at 514 (affirming the trial court's grant of summary judgment where the appellants failed to provide a complete record on appeal). In so concluding, we note that the McCartys, in arguing that the trial court erred by granting summary judgment in the Raynor defendants' favor, rely solely on the transcript of Crites' deposition, which is not included in the record. See *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill. App. 3d 58, 66, 707 N.E.2d 695, 701 (1999) ("[a]rguments made by an appellant that depend on facts that are not contained in the record are not sustainable on appeal").

In terms of the Weatherford defendants' summary-judgment motion, the record and the supplement thereto contain (1) the McCartys' third-amended complaint, (2) the contract between Raynor Hotel and Siciliano Construction, (3) the change-of-work order, (4) the agreement between Imperial Designs and Siciliano Construction, and (5) the full transcripts of the depositions of Lawrence, John, and Hart. However, neither the record nor the supplement contains the transcript of Weatherford's deposition. Once again, the McCartys have failed to provide this court with the evidentiary material that was before the trial court.

In support of their argument that the trial court properly granted summary judgment, the Weatherford defendants rely on (1) the agreement between Imperial Designs and Siciliano Construction, (2) the change-of-work order, and (3) the depositions of Lawrence, John, and Hart, which, taken together, establish that Weatherford was a loaned employee of Siciliano Construction. In support of their argument that

the court erred by granting summary judgment, the McCartys rely, in part, on Weatherford's deposition. However, because the McCartys have not provided us with that deposition, we cannot draw any contrary inferences on the loaned-employee issue that would be favorable to the McCartys. Thus, under the circumstances, we must assume that the trial court properly determined that (1) no genuine issue of material fact existed and (2) the Weatherford defendants were entitled to judgment as a matter of law. See *Palanti*, 303 Ill. App. 3d at 66, 707 N.E.2d at 701 (" 'those issues which depend for resolution upon facts not in the record mandate affirmance' "), quoting *U.S. Minerals & Mining, Inc. v. Licensed Processors, Ltd.*, 194 Ill. App. 3d 428, 434, 551 N.E.2d 661, 665 (1990); *Coleman*, 160 Ill. App. 3d at 419-20, 513 N.E.2d at 514 (affirming the trial court's granting of summary judgment where the appellants failed to provide a complete record on appeal).

■ Accordingly, for the aforementioned reasons, we affirm the trial court's granting of summary judgment in favor of the Raynor and Weatherford defendants.

In so doing, we note that the dissent incorrectly states that we are "lay[ing] down" a rule that "if anything is missing from the record, appellant must lose." 362 Ill. App. 3d at 320. Instead, we are merely applying the long-standing rules of the Supreme Court of Illinois that (1) to support a claim of trial court error, the appellant has the burden to present the reviewing court with a sufficiently complete record; (2) a reviewing court will resolve any doubts that arise from an incomplete record against the appellant; and (3) absent a sufficient record, a reviewing court will presume that the trial court's order was in conformity with law and had a sufficient factual basis.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE COOK, dissenting:

The majority is critical of the proposed supplement to the record, complaining that the McCartys simply "deposited" the documents with the clerk of our court and left it up to the clerk to make sense of them. 362 Ill. App. 3d at 311. I am puzzled by that characterization, as the documents seem clear to me. The materials consist of two bound

volumes, with pages consecutively numbered from 1a through 1020a. Volume I contains the Weatherford defendants' motion for summary judgment (pages 3a to 48a) and supporting memorandum (pages 49a to 77a). It also contains the Raynor defendants' motion for summary judgment (pages 95a to 98a) and supporting memorandum (pages 99a to 124a). Those motions and memoranda explain the exhibits referred to, such as the complaint and answer, contract documents, and depositions. The McCarty deposition (pages 139a to 361a) is included, as is the Crites deposition (pages 362a to 496a). Volume II contains only three documents, the Weatherford deposition (pages 497a to 691a), the Lawrence deposition (pages 692a to 844a), and the Hart deposition (pages 845a to 1021a). The documents I have mentioned total 980 pages, 878 of which are depositions. The majority complains that the proposed supplement "consisted of a box of over a thousand papers." 362 Ill. App. 3d 311. If we want to see 878 pages of depositions, we must expect that 878 pages will be handed to us.

I do not understand why we do not accept these documents and decide this case on the merits. Defendants were furnished copies and, during oral argument, agreed the contents are accurate. Defendants agree that with the addition of these documents the record is complete. *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 222 Ill. App. 3d 413, 417, 584 N.E.2d 142, 144 (1991) (parties stipulated (during oral argument) that attachment to brief would be included in record). The attorney for the Raynor defendants did complain that two pages were missing from the McCarty deposition. He is correct, pages 142 and 143 seem to be missing. The complete McCarty deposition, however, was filed as a supplement to the record by the Weatherford defendants. Even if pages are missing, the solution is to find them, not throw out the appeal.

The majority labels the materials filed by the McCartys as an "appendix" and cites the rule that parties cannot use briefs and appendices to supplement the record. The rule is actually that attachments to briefs not otherwise before the reviewing court cannot be used to supplement the record. *Jones v. Police Board*, 297 Ill. App. 3d 922, 930, 697 N.E.2d 876, 881 (1998) (transcript of proceedings from a different case). A transcript of proceedings from another case, not considered by the trial court, cannot be added to the record on appeal. Materials which were before the trial court, however, and which could be added to the record under Rule 329, can be used to supplement the record even though they happen to be found in an "appendix." *Chicago Title*, 222 Ill. App. 3d at 417, 584 N.E.2d at 144. The materials here, such as the depositions, *are* "otherwise before the reviewing court."

They were considered by the trial court. The majority's complaint is that we need the depositions and do not have them, not that they are not legitimately before us.

The majority says that although the materials in the two bound volumes submitted by the McCartys are essential to the decision of this case, we are unable to consider them because they are not a part of the record. We should not pretend we are helpless. Omissions from the record may be corrected "by the reviewing court or a judge thereof." 134 Ill. 2d R. 329; *Robles v. Chicago Transit Authority*, 235 Ill. App. 3d 121, 126-27, 601 N.E.2d 869, 872-73 (1992) (motion to supplement allowed after oral argument). We should enter an order allowing the two bound volumes to supplement the record. Omissions from the record may also be corrected by stipulation of the parties. 134 Ill. 2d R. 329. We have that stipulation here. The parties agree the materials in the two bound volumes are accurate and were considered by the trial court. It is only necessary to return the matter to the trial court if there is a controversy as to whether the record accurately discloses what occurred in the trial court. 134 Ill. 2d R. 329; *Robles*, 235 Ill. App. 3d at 126-27, 601 N.E.2d at 872-73 (motion to supplement allowed even though record not certified). There is no controversy here.

The Weatherford defendants submitted materials similar to those submitted by the McCartys, and the clerk of our court entered a routine order allowing them to be filed as a supplement to the record. Why are the Weatherford materials a proper supplement to the record, while the McCarty materials are an improper "appendix" which we refuse to consider? The Weatherford motion to supplement pointed out that the failure here was the failure of the clerk of the trial court. The clerk had these materials (somewhere), the clerk was required to file them as a part of the record, but the clerk failed to do so.

The majority's only objection to the proposed supplement is that the McCartys did not file a proper motion for leave to supplement the record under Rule 329. 362 Ill. App. 3d at 312. Rule 329 does not say anything about a formal motion for leave to supplement, only that the record may be corrected by the parties, the trial court, or the reviewing court. 134 Ill. 2d R. 329. If the McCartys needed to file a formal motion for leave to supplement the record, why did we not tell them that, instead of springing the fact on them (when we filed our opinion) that we would not consider the materials? "[I]t is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before." *Johnson*

*v. United States*, 163 F. 30, 32 (1st Cir. 1908) (Holmes, J.). We have certainly told other litigants in the past that a particular filing was insufficient, that something more needed to be done.

The majority lays down three rules in its opinion: (1) we must have all the evidentiary material that the trial court had before it, (2) appellees have no obligation in preparing the record, and (3) if anything is missing from the record, appellant must lose. I respectfully disagree.

A court is not always required to affirm the decision of the trial court because the record is incomplete. See *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319, 789 N.E.2d 1248, 1251 (2003); *Johnson v. Matviuw*, 176 Ill. App. 3d 907, 912, 531 N.E.2d 970, 973 (1988) ("We deny defendant's motion to strike plaintiff's brief, preferring instead to disregard any material in the briefs and/or appendix that is not supported by the record so that the issues can be decided on their merits"). It is not necessary that the record include everything that the trial court had before it. *Robles*, 235 Ill. App. 3d at 127, 601 N.E.2d at 872 (record sufficiently complete to allow us to consider the merits of the arguments raised on appeal). To some extent the parties are allowed to choose what should be contained in the record. The appellant initially selects which portions of the proceedings she wants transcribed. The appellee may then designate additional portions that the appellee deems necessary. 166 Ill. 2d R. 323(a). The parties are encouraged not to include unnecessary and immaterial matter, and costs may be assessed against a party who includes such matter. 166 Ill. 2d R. 323(a). True, the trial court clerk is required to include every document filed and any documentary exhibits in the record on appeal. 155 Ill. 2d R. 321. If the clerk does not perform his duty, however, the remedy is to correct the record under Rule 329, not to dismiss the appeal.

*Webster* did not hold that if anything is missing from the record, appellant must lose. *Webster* held that a party who asserted that his attorney lacked authority to settle a case had the obligation to present some evidence of that fact in the trial court. "[T]his court will not look beyond the record on appeal to find that plaintiff's attorney lacked his authority to settle. There must be evidence in the record that his attorney, Harris, lacked authority." *Webster*, 195 Ill. 2d at 436, 749 N.E.2d at 964. The present case, however, does not involve a lack of proof in the trial court. It is clear that the trial court had the depositions and exhibits in question before it. The question is whether we have those depositions and exhibits before us. We clearly do.

We should require compliance with supreme court rules so that

cases may be decided fairly and on their merits. The committee comments describe Rule 329 as a "sweeping provision," with "liberal terms," under which it is possible to employ "the procedure that will most appropriately solve the particular problem." 134 Ill. 2d R. 329, Committee Comments, at 289. The majority, however, is not interested in compliance, or solving the problem. The majority is only interested in punishing appellant.