2023 IL App (4th) 231193

NO. 4-23-1193

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ogle County |
| KRIS STUBBLEFIELD, | ) | No. 23CF228 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Clayton L. Lindsey, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion. Presiding Justice DeArmond and Justice Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Kris Stubblefield, appeals the trial court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). The State filed a motion to dismiss defendant's appeal for failure to comply with Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023).

¶ 2        For the reasons that follow, we dismiss this appeal.

¶ 3                                I. BACKGROUND

¶ 4        On October 20, 2023, the State charged defendant with eight counts of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2022)) and obtained a warrant for his arrest.

¶ 5        On October 23, 2023, pursuant to section 110-6.1 the Code (725 ILCS 5/110-6.1 (West 2022)), the State filed a verified petition seeking to deny pretrial release, alleging that defendant was charged with a detainable sex offense and contending "[d]efendant's pretrial release poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case." *Id.* § 110-6.1(a)(5).

¶ 6        That same day, defendant appeared before the trial court on the warrant for his arrest and the State's petition to deny pretrial release. The State requested a continuance and defendant, through counsel appointed at the hearing, objected. The court continued the detention hearing to the next day.

¶ 7        On October 24, 2023, at the continued detention hearing, the State provided a factual proffer setting forth (1) the investigation that led to defendant's arrest, (2) inculpatory statements made by defendant, and (3) defendant's criminal history. The State argued that no conditions of release could adequately protect the community. Defendant argued that his history and circumstances demonstrated that he could be released under appropriate conditions to protect the community. The trial court agreed with the State and ordered defendant detained.

¶ 8        On November 2, 2023, defendant, through counsel, filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), utilizing the form provided by the supreme court, which is required for notices of appeal brought pursuant to the Act. Defendant checked five boxes on the notice of appeal form. Those boxes set forth the following preprinted grounds for relief: (1) "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case;" (2) "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of

conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight;" (3) "The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor;" and (4) "Defendant was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release." The notice of appeal did not provide any further detail or explanation regarding these checked boxes.

¶ 9        Defendant also checked a box on the notice of appeal form labeled "Other (explain)" and wrote the following: "Defendant's motion to strike People's Verified Petition to Deny Defendant Pretrial Release was error. Further, the court erred in continuing the matter from October 23, 2023, to October 24, 2023, to conduct a hearing on said petition."

¶ 10        On December 5, 2023, the State filed a motion to dismiss defendant's appeal, arguing that dismissal was required because the notice of appeal did not comply with Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023). In particular, the State contended that even though Rule 604(h)(2) requires the notice of appeal to "describe the relief requested and the grounds for the relief requested," defendant failed to include any "rudimentary facts, argument, or support for [his] conclusory claims." Instead, defendant merely checked the boxes on the form without providing additional detail.

¶ 11        The State further contended that Rule 604(h) did not permit a defendant to supplement a deficient notice of appeal by later filing a memorandum in support of his notice of appeal.

¶ 12        On December 8, 2023, defendant, through the Office of the State Appellate Defender (OSAD), filed an objection to the State's motion. Defendant contended that he used the approved form provided by the supreme court and provided all the necessary information to put the State on notice of the order being appealed and the grounds therefor. Defendant also contended that long-established Illinois law requires notices of appeal to be construed liberally. Defendant noted that (1) his notice of appeal properly identified the appealed order, as well as the relief requested, and included all required documents and (2) the record necessary to review the detention order was filed in this court. Accordingly, defendant asserted that the State and this court had all the necessary notice and information needed to address defendant's grounds for relief, which defendant had identified by checking the relevant boxes on the supreme court form.

¶ 13        Defendant further noted that this court's decision in *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13, (1) addressed the defendant's appeal on the merits despite the lack of additional detail in the notice of appeal and (2) made clear that a subsequent memorandum described in Rule 604(h)(2) could ameliorate any alleged deficiencies in the notice of appeal.

¶ 14                                II. ANALYSIS

¶ 15        Defendant's arguments against dismissal are based on long-standing principles governing notices of appeal in routine criminal cases. As defendant points out, " 'The timely filing of a notice of appeal is the only jurisdictional step required to initiate appellate review.' *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). A notice of appeal confers jurisdiction if, 'considered as a whole and construed liberally, it fairly and adequately identifies the complained-of judgment.' *Id*."

¶ 16        Defendant contends that any omissions in his notice of appeal should not render his notice of appeal fatally deficient. Although that argument would be correct if we were dealing with

a notice of appeal in a routine criminal case, it is not correct in an appeal under the Act in light of the language the supreme court has inserted in the Rule 604(h) notice of appeal form.

¶ 17        The Illinois Supreme Court has explained that the Act ushered in a new reality for pretrial release. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 39 n.3. Rule 604(h), as amended due to the Act, provides a new procedure for these appeals. See Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023). Accordingly, the notice of appeal in cases brought pursuant to the Act is different in kind from notices of appeal filed in routine criminal cases and should be treated as such.

¶ 18        Rule 604(h), which governs appeals under the Act, states that "[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested." Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). Rule 606(d) mandates that the notices of appeal under the Act "shall be prepared by using, or substantially adopting the appearance and content of, the forms provided in the Article VI Forms Appendix." Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023).

¶ 19        As this court noted in *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18, and *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13, the form provided by the supreme court for notices of appeal under Rule 604(h) states the following: "Grounds for Relief (check all that apply *and describe in detail*)," and additional space for that detail is provided after every standard, box selected ground. (Emphasis added.) Ill. S. Ct. R. 606(d); art. VI Forms Appendix (eff. Oct. 19, 2023) at https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/a05f6fb9-fc13-43ad-a7c0-15fd46953b52/606-D%20Combined%20NOA.pdf). The "describe in detail" language is new and is present regarding only Rule 604(h) notices of appeal.

¶ 20        The supreme court has also provided a form for the notice of appeal in "routine" criminal cases and the "describe in detail" language is not present. See art VI Forms Appendix, Notice of Appeal (d) available at https://www.illinoiscourts.gov/Resources/556de764-5fbb-427d-

b14b-3f83b1f5f713/Rule_606d_Notice_of_Appeal.pdf). In fact, the "describe in detail" language is entirely new to the concept of notices of appeal as used in Illinois.

¶ 21     We note that OSAD, in its objection to the State's motion to dismiss, provides no analysis regarding the reason the supreme court included the "describe in detail" language in the form to be used for notices of appeal brought pursuant to the Act. OSAD concedes that defendant did not "provide much elaboration on the form." However, the notice of appeal contained zero elaboration.

¶ 22     Two questions arise from the circumstances of this appeal: (1) what does this new language mean and (2) what should this court do regarding notices of appeal that fail to comply with the new language? Given that the supreme court added this never-before-seen requirement specifically and solely for Rule 604(h) appeals, this language requiring the appellant to "describe in detail"—and the addition of spaces for that detail to be provided after every ground that appears on the preprinted form for notices of appeal brought pursuant to the Act—*must mean something*. And when in doubt when interpreting supreme court rules or statutes, this court should follow the language as written therein. See *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593 (2004) ("Supreme Court Rules have the force of law. They are not suggestions, nor are they aspirational."); see also *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) (noting that this court is not "empowered to take it upon itself to excuse violations of [the] rules regarding appeals ***."). Accordingly, we conclude that a Rule 604(h) notice of appeal, filed using the requisite supreme court form, must "describe in detail" the grounds for relief and the failure to do so constitutes a violation of Rule 604(h).

¶ 23     As this court wrote in *Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13:

"As a matter of practicality, Rule 341 cannot govern here, but we should not ignore the principles producing the rule—namely, coherent argument and analysis supported by proper record citations and legal authorities. Even the new Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*" (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). This would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority.

\*\*\* [E]ven under the unique circumstances created by the Act, we cannot be expected to formulate an argument for defendant out of whole cloth, and we decline to do so. \*\*\* By this we do not mean to say a memorandum as described in Rule 604(h)(2) is required or expected in every case. However, it is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box."

¶ 24      We conclude that merely checking boxes in a 604(h) notice, as occurred in this case, is never sufficient because doing so ignores the unique role 604(h) notices play and does not comply with the rule.

¶ 25      We also note that the form notice of appeal in appeals brought pursuant to the Act, similar to a petition for leave to appeal to the supreme court, may operate as a standalone document. That is, a proper notice of appeal under Rule 604(h) may serve as a substitute for a memorandum in support of appellant's appeal. This may account for supreme court rules making such memoranda permissive and not mandatory. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023).

¶ 26 Further, Rule 606(d) does not permit a defendant to amend his Rule 604(h) notice of appeal. Rule 606(d) states, "*Except as provided in Rule 604(h)*, the notice of appeal may be amended as provided in Rule 303(b)(5)." (Emphasis added.) Rule 604(h) provides a detailed procedure for initiating appeals under the Act, including what must be included in the notice of appeal, what pleadings and supporting records may be filed, and the deadlines for the same. However, nothing in Rule 604(h) permits a defendant to amend his notice of appeal. Given (1) that all other notices of appeal in criminal cases may be amended and (2) Rule 604(h)'s complete silence on the subject of amending a notice of appeal, we conclude that Rule 606(d) does not permit a defendant to amend his Rule 604(h) notice of appeal.

¶ 27 In so holding, we again note that Rule 606(d) states that notices of appeal may be amended "[e]xcept as provided in Rule 604(h)." Because Rule 604(h) contains no language regarding the amendment of a notice of appeal brought pursuant to the Act, we conclude that notices of appeal filed in 604(h) appeals may not be amended.

¶ 28 This prohibition makes sense in light of (1) the detail required to be contained in the notice of appeal and (2) the expedited nature of the proceedings. Defendants have 14 days to prepare and file their notice of appeal in pretrial detention cases, which is plenty of time to add the "rudimentary" factual detail and argument necessary for compliance.

¶ 29 Having concluded that a notice of appeal that merely checks the preprinted boxes on the notice of appeal form without providing *any* further detail does not comply with Rule 604(h), we need to determine the appropriate remedy for noncompliance.

¶ 30 Considering the unique circumstances of appeals brought pursuant to the Act, we conclude that dismissal of the appeal is the appropriate remedy for defects in a Rule 604(h) notice of appeal, such as in this case.

¶ 31    In so concluding, we note that an appellate court's decision to keep a defendant in detention by dismissing his appeal because his Rule 604(h) notice of appeal is deficient is far less prejudicial to a defendant than would be a dismissal of his appeal in a routine criminal case. That is because appeals from orders of detention are interlocutory in nature, and the issue of a defendant's pretrial detention will continue to come before the trial court during the processing of the defendant's case.

¶ 32    Rule 604(h)(6) explicitly provides, "The circuit court shall retain jurisdiction to proceed with the case during the pendency of any appeal from [a detention] order." Sections 110-5(f-5) and 110-6.1(i-5) of the Code require the trial court to reevaluate whether continued detention is necessary every time a defendant appeals before the court. 725 ILCS 5/110-5(f-5), 110-6.1(i-5) (West 2022). Because a defendant appealing an order of pretrial detention will typically be back before the trial court within days or weeks as his case progresses, he will then have the opportunity to argue anew that he should be released even while the initial detention order is on appeal. And if the trial court should then decide to keep him in detention, he can appeal that decision anew (*id.* § 110-6.1(j)), and this time could ensure that his notice of appeal complies with supreme court requirements. (We note that this scenario happened regarding this very defendant, who appeared in court two weeks after the trial court ordered the initial detention and has appealed to this court the trial court's decision not to reconsider that detention order.)

¶ 33    Accordingly, this situation is entirely different from the dismissal of a defendant's appeal in a routine criminal case. In such a case, if we were to dismiss a defendant's appeal for whatever reason, he will never get the chance to challenge his conviction and sentence.

¶ 34    As we mentioned earlier, proceedings under the Act and appeals therefrom are designed to be abbreviated, expedited, and efficient. A defendant must appeal within 14 days of

the entry of the detention order and may not seek an extension, nor may he amend his notice of appeal. Rule 604(h) presents an entirely new scheme for resolving appeals under the Act, and the supreme court has carefully drafted and amended the applicable rules and requirements to govern the process. If we were to ignore the plain language of these requirements in favor of the old rules for routine criminal matters, we would thwart the supreme court's purpose of providing new, streamlined procedures for appeals pursuant to the Act.

¶ 35                                    III. CONCLUSION

¶ 36            For all these reasons, we grant the State's motion and dismiss this appeal.

¶ 37            Appeal dismissed.