2023 IL App (2d) 230323-U
No. 2-23-0323
Order filed December 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-1776 |
| JAMEY B. CRAGO, | ) ) ) | Honorable Charles D. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not err in denying defendant's motion to dismiss the State's petition to detain; the trial court did not err in ordering defendant to be detained during the pendency of his case.

¶ 2     Defendant, Jamey B. Crago, was charged in the circuit court of Lake County with two counts of felony domestic battery (720 ILCS 5/12-3.2(a)(1), 720 ILCS 5/12-3.2(a)(2) (West 2022)). The State filed a "People's Verified Petition to Detain" (Petition) pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). Defendant filed a motion to dismiss and a motion for hearing under section 110-5 of the Code

(Motion for Hearing) (725 ILCS 5/110-5 (West 2022)). On September 20, 2023, a hearing was held on all motions. Following the hearing, the trial court denied defendant's motion to dismiss and ordered that defendant be detained pending trial. Defendant filed a timely appeal. On appeal, defendant argues that the court erred in denying his motion to dismiss and that the court erred in ordering pretrial detention. For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On September 1, 2023, defendant was arrested and charged by complaint with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), 720 ILCS 5/12-3.2(a)(2) (West 2022)). Both counts were enhanced to a class 4 felony because defendant had prior domestic violence convictions. Each count alleged that defendant "knowingly and without legal justification pushed Karen Lake into a table causing a cut approx[imately] 5 inches long on her right calf" and that he "grabbed Karen by her throat and slammed her into the bed and held her down by her throat." At defendant's initial bond hearing on September 2, 2023, the court imposed a $250,000 bond (10% to apply) and ordered that defendant have no contact with the complaining witness and that he be monitored by probation. On September 5, 2023, the court increased defendant's bond to $350,000 (10% to apply). In addition to the requirements that defendant have no contact with the complaining witness and that he be monitored by probation, the court added as conditions of bond that defendant undergo an Ontario Domestic Assault Risk Assessment (ODARA) and that, in the event bond was posted, defendant not be released under any circumstances until seen by a judge. Prior to the September 20, 2023 hearing, defendant had not yet posted bond.

¶ 5      At the September 20, 2023 hearing, the trial court first addressed defendant's motion to dismiss. In support of his motion, defendant argued that the State's Petition did not meet the pleading requirements set forth in section 110-6.1(d) of the Code (725 ILCS 5/110-6.1(d) (West

2022)). Rather, he argued, the State's Petition merely alleged that defendant is a threat to the safety of an individual and that the allegations are insufficient for a petition to detain. The State responded that defendant was charged with a qualified offense under the statute and that the pleading was sufficient to allow the State to prove by clear and convincing evidence defendant would pose a threat to the safety of the community, and that no other set of conditions could mitigate this threat. The trial court agreed with the State's position. Reading section 110-6.1(d) of the Code, the trial court found that there were specific articulable facts presented in the State's Petition, that the allegations were sufficient to present the question of a real and present threat, and that the State's allegations also sufficed to show that no condition was sufficient to keep defendant from committing the same acts if granted pretrial release.

¶ 6    After the trial court denied defendant's motion to dismiss, it addressed defendant's Motion for Hearing. The court addressed counsel for defendant, stating that "the defense has also filed a pleading entitled Motion for Hearing Under 725 ILCS 5/110-5, which, as I briefly off the record discussed with [defense counsel], is saying 'I want to have a detention hearing;' is that correct?" The defense answered "Yes." The trial court then held a detention hearing, without specifically stating whether that hearing was pursuant to defendant's Motion for Hearing or pursuant to the State's Petition.

¶ 7    During the detention hearing, both parties proffered a synopsis of the facts related to defendant's charges. According to the State, defendant made a threat to the complaining witness, then grabbed her by the throat and threw her on a bed. Her leg struck a table, causing a laceration. Multiple officers arrived on scene and observed redness on the complaining witness's neck. Defendant and the complaining witness were living together at the time this incident occurred. According to defendant, he was the only person on the lease at the home where the incident

occurred. Defendant stated that he and the complaining witness had been arguing earlier in the day and he made it clear that he did not want the complaining witness there anymore. He locked the complaining witness out of the house. Defendant claimed that the complaining witness would not leave and that she sustained her injuries by knocking an air-conditioning unit out of a window and climbing through that window.

¶ 8     The State also provided a Lake County Pretrial Services public safety assessment report (Report), an ODARA Item Summary, and an Intimate Violence Risk Assessment. The Report listed defendant's prior criminal history. It documented that on August 24, 2023, defendant had been placed on probation for felony domestic battery against a person other than the complaining witness in the instant matter. Further, defendant had been placed on probation for misdemeanor disorderly conduct on February 24, 2022, and on October 4, 2022, his probation in the case was revoked and he was resentenced to jail. Defendant received a two-year sentence of conditional discharge for a 2009 domestic battery case, which he completed satisfactorily. The report stated that in 2008, he was sentenced in Pinellas Park, Florida, for "cruelty toward child," for which he received a "probation/parole violation." The Intimate Violence Risk Assessment noted that defendant scored 11 points out of a possible 13 on his ODARA Item Summary. This score placed him in the highest category of risk for domestic-violence recidivism.

¶ 9     Based on the proffered evidence, the trial court ordered that defendant remain in pretrial detention. The court noted that the offenses with which defendant was charged are crimes of violence and the State's proffer and charging document indicate that the complaining witness was held down by her throat, indicating a high level of potential lethality. The ODARA reflected this finding. Further, defendant was on probation for about 30 days before the instant offense occurred, and although his probationary term for a domestic battery was directed towards a different person,

it gave the trial court concern about defendant's ability to comply with rules of the court such as not committing any new offenses. Additionally, the trial court noted that defendant had "at least one, if not more" prior domestic offenses. That history constituted, in the court's opinion, a potential of harm to the complaining witness and a potential of harm to various persons. Because defendant was already on probation for the same class of offense at the time he committed the instant offense, the court found that it would be insufficient to order that defendant be monitored by probation as a condition of release. The court found support for the contention that defendant has a propensity or reputation for violent, abusive, or assaultive behavior. That, coupled with defendant's very high ODARA score, led the court to believe that defendant posed a real and present threat to the complaining witness and others and that it "could not conceive of any condition or combination of conditions" that would mitigate the threat defendant posed. Based on the court's belief that no set of conditions would mitigate the threat to the complaining witness in the instant matter, the court ordered defendant detained. This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11    At issue here is whether defendant's detention is authorized by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023).

------

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 12                    A. Defendant's Motion to Dismiss

¶ 13    Defendant first contends that the trial court erred in denying his motion to dismiss. Defendant argues that the State cited no specific statutory basis which allowed it to detain him and that the State's allegations did not satisfy the pleading requirements of section 110-6.1(d) of the Code (725 ILCS 5/110-6.1(d) (West 2022)). At the hearing on the motion to dismiss and in defendant's notice of appeal, defendant argued that the State's Petition was insufficient because it did not meet the pleading requirements set forth in section 110-6.1. *Id.* In defendant's memorandum in support of his appeal (Memorandum), defendant for the first time argues that the State's Petition should have been dismissed because it was improperly timed. He contends that the plain language of section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)) applies to the category of defendants like him, who were in custody prior to the Act taking effect. Defendant cited *People v. Rios*, 2023 IL App (5th) 230724, for the proposition that the State may not bring petitions to detain pursuant to section 110-6.1 for defendants in his position. The State argues that defendant did not properly preserve this claim for appeal by focusing his argument at hearing on the allegations of the State's petition and whether those allegations were sufficient under section 110-6.1(d). The State also points to defendant's notice of appeal, arguing that defendant does not argue there that the State lacked a specific statutory basis to detain him. We agree with the State.

¶ 14    Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) governs appeals under the Act and provides that "the Notice of Appeal shall describe the relief requested and the grounds for the relief requested." Supreme Court Rule 606(d) prescribes the forms for a notice of appeal under the Act and requires a defendant to describe the grounds for the requested relief in detail. Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). See also *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18. "Supreme Court Rules have the force of law. They are not suggestions, nor are they aspirational." (Internal

quotation marks omitted). *Martin*, 2023 IL App (4th) 230826, ¶ 18 (citing *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593 (2004)). " 'Although we liberally construe the contents of the notice of appeal, this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.' " *Id*. (citing *Estate of Young v. Department of Revenue*, 316 Ill. App. 3d 366, 373 (2000)).

¶ 15    In *People v. Martin*, the appellate court found that the defendant waived the issue of whether the State had the authority under the Act to file a verified petition to deny him pretrial release when he had been detained prior to the effective date of the Act but unable to post monetary bond. *Martin*, 2023 IL App (4th) 230826, ¶ 16. The court found that he had waived appellate review of these issues because he first argued them in his memorandum, rather than in his notice of appeal. *Id.* ¶ 19. No matter how liberally the court construed the notice of appeal, it could not find that the defendant had raised those issues. *Id*.

¶ 16    We find the same reasoning to apply to the instant matter. Defendant's notice of appeal does raise the issue of whether the State's petition satisfied the requirements of the Act, but does so to argue that the State's Petition does not satisfy the requirements of section 110-6.1(d) of the Code. Because defendant only raises the argument that State's Petition was insufficient based on its timing in his memorandum, we find that he waived this issue for appellate review. Thus, we review whether the circuit court erred in denying the motion to dismiss based on the arguments defendant made in the circuit court and in his notice of appeal.

¶ 17    On appeal, we review a circuit court's ruling on a motion to dismiss *de novo*. *People v. Hull*, 2020 IL App (3d) 190544, ¶ 6 (where neither the facts nor the credibility of the witnesses are at issue, the standard of review is *de novo*). Here, defendant is not challenging the facts or the credibility of the witnesses, but rather the sufficiency of the allegations in the State's Petition.

¶ 18 Under the Act, the court shall hold a pretrial detention hearing upon the filing of a verified petition by the State. 725 ILCS 5/110-6.1(a) (West 2022). Section 110-6.1(d) outlines the contents of a sufficient petition to deny pretrial release under Act. 725 ILCS 5/110-6.1(d) (West 2022). It states:

> "the petition shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." *Id.*

Defendant must also be charged with a qualifying offense in order for the State to file its verified petition. 725 ILCS 5/110-2(a) (West 2022). Subsections 110-6.1(a)(1)-(8) lists a number of offenses which could qualify a defendant for pretrial detention. 725 ILCS 5/110-6.1(a) *et seq.* (West 2022).

¶ 19 Here, defendant takes issue with the grounds upon which the State brought its Petition. Defendant argues one deficiency in the State's Petition is that the State cited section 110-6.1 generally, without giving defendant notice of which subsection under the Act the State thought applied to his case. At the time the State filed its Petition, defendant had been charged with domestic battery. Section 110-6.1(a)(4) lists domestic battery as a qualifying offense (725 ILCS 5/110-6.1(a)(4) (West 2022)). It was not, as defendant argues, "guesswork" to find the provision with which the State was able to bring its Petition, rather, the Act plainly lists the offense with which defendant was charged as a qualifying offense in subsection 110-6.1(a)(4). *Id.* Although it was brought pursuant to section 110-6.1 generally, rather than subsection 110-6.1(a)(4), we find the State's Petition was specific enough to meet the requirements of the Act. For the reasons above, we affirm the trial court's decision to deny defendant's motion to dismiss.

¶ 20                    B. Defendant's Pretrial Detention Hearing

¶ 21    Defendant next argues that the Court erred in denying him pretrial release. He contends that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption was great that he committed the offense charged, that the State failed to prove by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons or the community, and that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate that threat.

¶ 22    The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 23    In considering whether the defendant poses a real and present threat to the safety of any person or the community, *i.e.*, making a determination of "dangerousness," the trial court may consider evidence or testimony concerning factors that include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense was a crime of violence, involved a weapon, or was a sex offense; (2) the history and characteristics of the defendant, including the defendant's prior criminal history indicative of violent, abusive, or assaultive behavior and the defendant's psychological history; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022).

¶ 24    If the trial court finds that the State proved a valid threat to the safety of any person or the community, the defendant is likely to flee to avoid prosecution, or the defendant failed to abide by previously issued conditions of pretrial release, the trial court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of

the defendant,[2] (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. See 725 ILCS 5/110-5(a) (West 2022).

¶ 25    Our standard of review is twofold. We review under the manifest-weight-of-the-evidence standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (applying a similar standard of review for the requirement of clear and convincing evidence by the State in termination-of-parental-rights proceeding). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *In re Jose A.*,

---

[2]The history and characteristics of the defendant include: "[T]he defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

2018 IL App (2d) 180170, ¶ 17. We review the trial court's ultimate determination regarding pretrial release for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (applying abuse-of-discretion standard in reviewing ruling denying the defendant's motion for bail pending trial under Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017)). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 26    Defendant first contends that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption is great that he committed the offense charged. He argues that because he presented an alternative version of events, where the complaining witness was injured by climbing through a window, that the State had not met its burden of proof. While defendant did provide another explanation for the injuries, we do not find that the trial court's decision was against the manifest weight of the evidence. Based on the statements of the complaining witness and the injuries police officers observed on her body, it was not arbitrary, unreasonable, or lacking a basis in the evidence for the trial court to find that the proof was evident or the presumption great that defendant committed domestic battery.

¶ 27    Next, defendant argues that the State failed to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community because defendant was in the midst of seeking treatment for issues related to domestic battery when the alleged offense occurred. Additionally, defendant argues that because there were no allegations that he had ever stalked the complaining witness and because he could find a place to reside where she would not be, any risk to the complaining witness was mitigated. We find these arguments unconvincing.

¶ 28    In determining whether defendant posed a threat to the complaining witness or any other person or the community, the trial court went assiduously addressed the factors listed in the statute. It noted that defendant was charged with a crime of violence. Defendant is alleged to have held the complaining witness down by her throat, indicating a high level of lethality. Further, defendant's criminal history reflects several other similar charges and a failure to comply with court orders, as defendant has received multiple probation violations. Defendant was on probation for approximately a month when he allegedly committed the instant offense, a violation of his current term of probation. Further, defendant's other domestic battery offenses were committed against other individuals. Upon review of the statutory factors, it is not unreasonable or arbitrary to conclude that defendant poses a risk to the complaining witness and others. While it is true that there was no allegation of stalking and defendant asserted he could find another place to stay, the defendant's history clearly indicates a pattern of violence toward multiple individuals. Additionally, the mere fact that defendant was planning to start engaging in domestic violence treatment does not compel us to conclude that any threat of harm is substantially mitigated. The trial court's ruling was not against the manifest weight of the evidence.

¶ 29    Finally, defendant argues that the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present safety risk posed if he were to be granted pretrial release. Defendant indicates that any threat to the safety of a person or persons or the community would be mitigated by having him live separately from the complaining witness, attend treatment for domestic violence, and report to probation as otherwise directed. Defendant argues that this arrest is the only evidence of his ability to follow court rules, and that the evidence is negated by his version of events, where he maintains his innocence. We disagree. The record demonstrates multiple instances where defendant was unable to follow court

rules, had his probation revoked, and was resentenced to a term of jail. Thus, it was not unreasonable for the trial court to find that no condition or combination of conditions would mitigate the real and present safety risk posed by defendant's pretrial release.

¶ 30    Based on our review of the record, the factual findings of the trial court that defendant met the standard of dangerousness, he posed a real and present threat to any person or the community if released, and no condition or combination of conditions could mitigate this threat are not against the manifest weight of the evidence. As a result, based upon the trial court's factual findings, we conclude that its order denying pretrial release was not an abuse of discretion.

¶ 31                                    III. CONCLUSION

¶ 32    For the reasons set forth above, we affirm the judgment of the circuit court of Lake County.

¶ 33    Affirmed.