2024 IL App (1st) 232061-U

FIRST DISTRICT,
FIRST DIVISION
January 16, 2024

No. 1-23-2061B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23 CR 0781201 |
| ANNA M. QUIROZ, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Jill C. Marisie, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's order denying defendant's pretrial release is affirmed where the court's findings that defendant committed an eligible offense, posed a real and present threat to the safety of the victim and the community, and that no less restrictive conditions could mitigate that threat were not against the manifest weight of the evidence.

¶ 2    Defendant Anna M. Quiroz appeals from the trial court's order denying her pretrial release pursuant to the recent amendments to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 *et seq.* (West 2022)), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (Act). See

Pub. Act 101-652 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4        Defendant was arrested and charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2022)) and aggravated battery (720 ILCS 5/12-3.05(d)(1) (West 2022)). On June 28, 2023, the day following her arrest, defendant was ordered held on a $350,000 "D" bond. Defendant was unable to post bond and remained in pretrial detention.

¶ 5        On October 10, 2023, defendant filed a "Petition to Remove a Financial Condition of Pretrial Release," requesting a hearing under section 5/110-5(e) of the Code since she was "ordered released with pretrial conditions," but remained in pretrial detention after the amendments to the Code took effect. See 725 ILCS 5/110-7.5(b) (West 2022); 725 ILCS 5/110-5(e) (West 2022). On November 1, 2023, the State filed a verified petition to deny pretrial release, alleging that defendant committed an eligible offense of aggravated domestic battery and "poses a real and present threat to the safety of any person or persons or the community." See 725 ILCS 5/110-6.1(a)(4) (West 2022)).

¶ 6        A pretrial release hearing was held on November 1, 2023. According to the State's proffer, defendant and the 73-year-old victim met several years ago through work. The victim allowed defendant to live with him "from time to time," including while she was on electronic home monitoring for an unrelated aggravated battery in 2018. In April of 2022, the victim served defendant with an eviction notice, and she moved out. The defendant subsequently "reached out to the victim to gather her belongings but ended up staying for more prolonged periods of time." The victim tried to get defendant to leave by calling the police, but "was advised the eviction notice had expired."

¶ 7        A few weeks prior to June 7, 2023, defendant reached out to the victim and asked him to bring her belongings down to the lobby of the apartment. While he did so, defendant entered the victim's unlocked apartment and "refused to leave." The victim let her stay for the next few weeks.

¶ 8        On the evening of June 26, 2023, the defendant "was drinking and became hostile towards the victim." The victim called the police, but he was told there was nothing they could do since defendant lived there. After the police left, defendant "continued to drink and be aggressive towards the victim." She was "talking to herself and throwing items around" the apartment. Defendant threw a bucket of water onto the floor. While the victim was cleaning up, defendant "grabbed [him] around the neck." She "used one hand to squeeze the victim's neck while using the other hand to strike [him] with a closed fist in a hammer like motion." When the victim "pushed" defendant off, she "grabbed" him by the shoulder and "kicked [him] about the lower half of his body." The victim was able to get away and call 911. He sustained "long thick scratch marks near his collar bone," which were observed by the police.

¶ 9        Defendant was convicted of aggravated battery to a police officer in 2018 and received two years' probation for that offense. Defendant also had two prior domestic battery arrests, one from 2010, and another from 2022 involving the same victim as the instant case. Both charges were dismissed.

¶ 10       The State argued that the proof is evident and the presumption great that defendant committed aggravated domestic battery, which is an eligible offense under the Act. Further, defendant's "history of domestic battery arrests and history of aggravated *** battery to a police officer does show that she also serves a threat to the community and that she is violent." The State also argued that "no condition or combination of conditions can mitigate the real and

present threat to the safety of any person *** or the community based on the specific articulable facts of the case."

¶ 11        Defense counsel responded that it is "disingenuous for the State to say [defendant] must be detained" since the State "has offered probation." Counsel further asserted that the State failed to meet its burden of showing that the proof is evident and the presumption great that defendant committed the charged offense because defendant is claiming self-defense and there were no other witnesses besides the two parties involved. Counsel also argued that the victim "told [him] that he does feel safe around [defendant]" and has "dropped the other case," which creates "some issues of credibility *** with the complaining witness."

¶ 12        The trial court found that the State proved by "clear and convincing" evidence that defendant committed aggravated domestic battery. The court noted that defendant was "not taking" the State's offer of probation and "the Court has not been privy to the offer or other facts or circumstances and may not go along with probation." The court found that defendant's prior conviction for aggravated battery to a police officer and her "two prior domestics, one of which was the same victim," shows "her propensity for violence." And in the instant case, defendant "kicked, strangled, punched, [and] obstructed the 73 year old victim's breathing." The trial court declined to grant defendant pretrial release where she "continu[ed] to show up when she's previously been evicted" and poses "a threat to the community or anyone else when she's under the influence of alcohol."

¶ 13        The court further found that it "[did not] have any information about where she would go and live or stay away from the victim" and that there are no "conditions that will prevent her from going back there [or] from not consuming alcohol which could have been a precursor in this case." Defense counsel requested that defendant be placed on electronic monitoring with

GPS and that she would stay with "family *** in the community." The trial court stated that the family needs to be "notified first and see if the sheriffs are going to allow her or if they're going to allow her to stay there" and that counsel could bring it up at the next court date, but the court wanted it "verified before [it] release[d] her."

¶ 14                                    ANALYSIS

¶ 15                                    Forfeiture

¶ 16       Rule 604(h), which governs appeals under the Act, provides that "the Notice of Appeal shall describe the relief requested and the *grounds for the relief requested*." (Emphasis added.) Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). The form notice of appeal prescribed by Rule 606(d) requires that defendant describe those grounds in detail. Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). " 'Supreme Court Rules have the force of law. They are not suggestions, nor are they aspirational.' " *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18 (quoting *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593 (2004)). "Although we liberally construe the contents of the notice of appeal, this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." *Estate of Young v. Department of Revenue*, 316 Ill. App. 3d 366, 373 (2000); see also *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) (noting that the appellate court is not "empowered to take it upon itself to excuse violations of [supreme court] rules regarding appeals").

¶ 17       Defendant argues, for the first time in her appellate memorandum, that (1) a first offense of aggravated domestic battery is not a detainable offense under the Act because it is probationable, (2) section 110-6.1(a)(4) of the Code violates the bail clause of the Illinois Constitution (Ill. Const. art. 1, § 9) as applied to her because it permits the denial of pretrial

release for a probationable offense, and (3) the State's petition to deny pretrial release was untimely.

¶ 18    Even liberally construing defendant's notice of appeal, it does not implicate these three arguments. The form notice of appeal utilized by defendant specifically includes a section to argue that she "was not charged with an offense qualifying for denial or revocation of pretrial release," but defendant left this section blank. And nowhere in the notice of appeal does she challenge the State's authority to file its petition to deny pretrial release on timeliness grounds (or otherwise), or the constitutionality of her pretrial detention under the Act. Defendant cannot circumvent the requirements of Rule 604(h) by raising numerous additional "grounds for the relief requested" for the first time in her appellate memorandum. Defendant's failure to include these arguments in her notice of appeal renders them forfeited. See *Martin*, 2023 IL App (4th) 230826, ¶ 19 (holding that "any challenge to the propriety of the trial court's holding of a detention hearing has been forfeited, and we must limit our review to the issues fairly raised by a liberal construction of defendant's notice of appeal"); see also *People v. Crago*, 2023 IL App (2d) 230323-U, ¶16 (cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023)) (finding that "[b]ecause defendant only raises the argument that the State's Petition was insufficient based on its timing in his memorandum, we find that he waived this issue for appellate review" and limiting appellate review to those arguments made "in the circuit court and in his notice of appeal").

¶ 19                      Defendant's Pretrial Detention Hearing

¶ 20    Defendant argues that the State failed to prove by clear and convincing evidence that the proof was evident or the presumption great that she committed aggravated domestic battery; that

she posed a real and present threat to the safety of any person or the community; and that no less restrictive conditions could mitigate that threat.

¶ 21 Pursuant to article 110 of the Code, as amended, "[a]ll defendants shall be presumed eligible for pretrial release" and pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-6.1(e) (West 2022). After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a qualifying offense; defendant's pretrial release poses a real and present threat to the safety of any person or the community or that defendant is a flight risk; and that less restrictive conditions would not mitigate the real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022).

¶ 22 Factors that the trial court may consider in making a "dangerousness" determination, *i.e.*, that the defendant poses a real and present threat to any person or the community (725 ILCS 5/110-6.1(g) (West 2022)), include, but are not limited, to (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person or persons whose safety the defendant is believed to pose a threat, and the nature of the threat; (4) any statements made by, or attributed to, the defendant; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g) (West 2022).

¶ 23     If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure *** the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In making this determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[1] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). No singular factor is listed as dispositive. *Id.*

¶ 24     Section 110-5 also provides that if the defendant is charged with aggravated domestic battery, the court may consider "additional factors" to determine what conditions, if any, should be imposed upon pretrial release "regardless of whether an order of protection has been issued against the person." 725 ILCS  5/110-5(a)(6) (West 2022). The court may consider the severity of the alleged incident, which encompasses: the duration of the current incident, whether the alleged incident involved the use of a weapon, physical injury, sexual assault, and strangulation. 725 ILCS  5/110-5(a)(6)(H) (West 2022). The court may also consider "whether the person has been, or is, potentially a threat to any other person" and "any other factors deemed by the court

---

[1] The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of that behavior." 725 ILCS 5/110-5(a)(6)(E), (L) (West 2022).

¶ 25 In order to reverse a trial court's denial of pretrial release, the reviewing court must conclude that the trial court's findings were against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for clear and convincing evidence requirement by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). We "give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.*

¶ 26 Questions concerning whether the trial court properly considered one or more of the aforementioned "dangerousness" factors are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (the reviewing court will not substitute its judgment for that of the trial court in denying bail merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the trial court's decision is " 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the trial court.' " *Id.* (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 27 Based on our review of the record, the trial court's finding that the State proved by clear and convincing evidence that the proof is evident or the presumption great that the defendant committed aggravated domestic battery was not against the manifest weight of the evidence. 725 ILCS 5/110-6.1(a)(4) (West 2022); 725 ILCS 5/110-6.1(e)(1) (West 2022). The "clear and convincing" standard of proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *People v. Clay*, 361 Ill. App. 3d 310, 322 (2005). The State's

proffer showed that defendant punched, kicked, and strangled the 73-year-old victim, who suffered physical injuries that were observed by the police. The State's proffer was sufficient to show by clear and convincing evidence that defendant committed the charged offense. See 720 ILCS 5/12-3.3(a-5) (West 2022).

¶ 28   In determining that defendant posed a real and present threat to the safety of the victim and the community, the trial court properly considered defendant's prior conviction for aggravated battery of a police officer, her two prior arrests for domestic battery (one of which involved the same victim as the instant case), the age of the victim, and the risk of defendant returning to the victim's home, as she had done repeatedly. Defendant argues that the State "had no issue with the defendant being released" since the State offered defendant probation. As the trial court noted, it "[had] not been privy of the offer or other facts or circumstances and may not go along with probation." The trial court's ruling was not against the manifest weight of the evidence.

¶ 29   Defendant argues that the trial court failed to "engage in an analysis of the relevant pretrial release conditions" and erroneously based its ruling on verifying where defendant would be staying upon release. We disagree. The record shows that the trial court wanted to ensure that defendant had somewhere to stay "away from the victim," especially considering her repeated unsolicited return to his residence following her eviction. This was not unreasonable in light of defendant's violent criminal history, alcohol use, and the severe and violent nature of the offense against the 73-year-old victim.

¶ 30   The record shows that the trial court heard, considered, and rejected defense counsel's arguments based on the facts of the case. Therefore, defendant was not "denied an opportunity for a fair hearing."

¶ 31　　　　　　　　　　　　　　　　　CONCLUSION

¶ 32　　　　　For the foregoing reasons, we affirm the order of the circuit court of Cook County.

¶ 33　　　　　Affirmed.